DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT
OF THE COUNTY OF ESSEX.

JOHN A. STORCH, PLAINTIFF, v. ANGELO APOSTOLIS,
DEFENDANT.

Decided October 5, 1944.

MASCUCCI, D. C. J.   The plaintiff, as landlord, has entered this proceeding to dispossess the defendant as his tenant from premises occupied by the said tenant for dwelling purposes on the third floor of 423 Springfield Avenue in Newark.   The defendant appears specially and challenges the jurisdiction of the court on the ground that the premises are used for dwelling purposes and are not situated in the Second Judicial District of Essex County, but are, in fact, situated in the City of Newark, which has two District Courts.   He cites as his authority *R. S.* 2:8–39; *N. J. S. A.* 2:8–39.

Two questions are to be decided to ascertain whether the court has jurisdiction in the matter.   First, whether there is any statutory limitation requiring a summary tenancy proceeding to be started within certain territorial limits within the County of Essex and, second, if so, whether the premises in question are situated within said territorial limits.

On the first question some confusion is caused because of two statutory provisions on the subject which appear to be

inconsistent with each other, but, in fact, are not and are readily distinguishable.

The 1937 *R. S.* 2:58–17; *N. J. S. A.* 2:58–17, provides that any tenant may be removed by appropriate proceedings in "any district court in the county where such premises are situated," &c. However, this provision is silent on the character of the tenancy referred to.

*R. S.* 2:8–39; *N. J. S. A.* 2:8–39, of said statutes, provides that no proceedings to "recover the possession of premises used for dwelling purposes and situate within a city or judicial district in which a district court exists, shall be brought except in a district court in the city or judicial district in which the premises are situate," &c.

It can be easily seen that the latter provision specifically applies to dwelling, while the former applies generally to all tenancies. Specific legislation on a specific, distinguished and classified subject must be considered as applicable and controlling as against legislation relative to the broader, general subject-matter.

I, therefore, conclude that said suit involving a dwelling must be brought in the city or judicial district in which the premises are situate.

The second question of whether the premises are within the judicial district involves a construction of the statutes defining the territorial limits of this court.

An inspection of the statute defining the territory contained in the Second Judicial District of Essex County (*R. S.* 2:8–4; *N. J. S. A.* 2:8–4) provides that "the following enumerated acts, incorporating county judicial districts in the various counties of this state, are saved from repeal." After reciting the acts applicable thereto the revisors have added this comment: "This district comprises the town of Irvington; the townships of Millburn and South Orange." This comment is misleading, for there is now no municipality known as the Township of South Orange.

The original act incorporating the District Court included the Town of Irvington, the Village of South Orange, the Township of South Orange in the County of Essex and the Township of Millburn (*Pamph. L.* 1919, *ch.* 90, *p.* 198;

*N. J. S. A.* 2 :8–4, 2 :8–5). Subsequently this act was amended (*Pamph. L.* 1921, *ch.* 343, *p.* 940; *N. J. S. A.* 2 :8–4, 2 :8–5), and provides that after April 12th, 1921, the district would include the Town of Irvington, the Township of South Orange in the County of Essex, and the Township of Mill-burn. There were at that time two municipalities in Essex called South Orange, one of which was a village and one of which was a township, and the legislature clearly indicated that it wished to take the village out and leave the township in the judicial district. Probably the proximity of the two adjoining municipalities together with the similarity of the names, was causing some confusion and on November 15th, 1922, the municipality known as "The Township of South Orange in the County of Essex," changed its name to "The Township of Maplewood" (*Pamph. L.* 1923, *p.* 591). While the record of this change of name appears in the Pamphlet Laws of the year 1923, they were not included in the index, and for that reason, not ordinarily found by the lawyers. The statutes of 1919 and 1921 having been "saved from repeal," I must conclude that the Township of Maplewood is a part of the judicial district.

Premises in question not being in this judicial district or in a municipality contributing to the maintenance of a District Court, but, being in the City of Newark, this court is without jurisdiction, and the proceeding is dismissed.